DEAR 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00448-CV







William C. Dear, Appellant



v.



City of Irving and Benny Newman, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 493,479, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 This is an appeal of a case that began as a suit filed by the City of Irving ("the
City"), appellee, against then-Attorney General Jim Mattox (1)
 and appellant William C. Dear,
seeking a declaratory judgment regarding the City's right to refuse production of certain records
under the Texas Open Records Act. Dear filed a counterclaim against the City and a third-party
action against appellee Benny Newman, the Chief of Police for the City. The trial court disposed
of the City's declaratory judgment action in Dear's favor, and the City produced the records Dear
sought. The trial court granted summary judgment for the City and Newman on Dear's
counterclaim and third-party claim, and Dear appeals from this judgment. We will affirm the
judgment of the trial court.


BACKGROUND


 Dear, a licensed private investigator, filed an open records request with the City
in October 1990, seeking production of records relating to the City's investigation of him. On
October 29, 1990, then-Attorney General Mattox released an informal decision which held that
the requested records were subject to disclosure under the Texas Open Records Act. Tex. Gov't
Code Ann. §§ 552.001-.353 (West 1994). In response, the City filed a suit for declaratory
judgment on November 8, 1990, asserting that the Attorney General incorrectly ruled that the
documents were open records and subject to disclosure. The trial court ordered the City to
produce the records in a partial summary judgment granted on August 21, 1992.

 Dear filed counterclaims under the Open Records Act, (2) the Uniform Declaratory
Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1986 & Supp. 1995),
the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.109 (West 1986 &
Supp. 1995), and the Texas Constitution. The trial court granted summary judgment on all Dear's
claims in favor of the City and Newman, in both his official and individual capacities. On appeal,
Dear raises four points of error, claiming that the trial court erred in: (1) failing to sustain his
special exceptions; (2) granting summary judgment for the City and Newman in his official
capacity; (3) granting summary judgment for Newman in his individual capacity; and (4) awarding
costs to Newman in his official capacity. 



DISCUSSION


 We begin by addressing Dear's contention that the trial court erred in failing to
sustain his special exceptions to the City and Newman's motion for partial summary judgment,
which was entitled Law Enforcement's Motion for Partial Summary Judgment, and to the City's
Notice of Intent to Rely upon Discovery of Other Parties. In essence, Dear's complaint is two-fold: (1) appellees' motion for summary judgment failed to adequately set forth the grounds upon
which it was based; and (2) appellees failed to meet their burden of producing competent summary
judgment proof because the evidence relied upon was not identified with sufficient specificity. 

 Rule 166a(c) of the Texas Rules of Civil Procedure requires that a motion for
summary judgment state the specific grounds for the motion. Tex. R. Civ. P. 166a(c); McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). The purpose of this
requirement is to provide the nonmovant with adequate information to oppose the motion and to
define the issues for the purpose of summary judgment. See Westchester Fire Ins. Co. v. Alvarez,
576 S.W.2d 771, 772 (Tex. 1978). The specificity requirement of Rule 166a(c) echoes the "fair
notice" pleading requirements of Rule 45(b) and Rule 47(a). Id. at 773. If the motion contains
a concise statement that provides fair notice of the claim involved to the nonmovant, the grounds
for summary judgment are sufficiently specific. Thomas v. Cisneros, 596 S.W.2d 313, 316 (Tex.
Civ. App.--Austin 1980, writ ref'd n.r.e.). 

 In his second amended answer, entitled Second Amended Original Answer and
Fourth Amended Counterclaim and Third Party Petition, Dear raised the following causes of
action: declaratory judgment, mandamus, injunction, constitutional violations, claims under the
Texas Tort Claims Act, and attorney's fees. The City and Newman attempted to defeat Dear's
claims by showing that they had complied with the Open Records Act, and therefore that the issue
was moot; that they had not committed an actionable constitutional violation; and that they were
entitled to governmental immunity. Appellees' motion for summary judgment provided, in
pertinent part:



1. Pursuant to a reading of Mr. Dear's claims on file with this Court, Chief
Newman is entitled to his individual immunity for the good faith discharge of
his discretionary duties.


2. Pursuant to a reading of Mr. Dear's claims on file with this Court, Irving and
Chief Newman argue that they have complied with the Texas Open Records
Act negating any reason for declaratory judgment, writ of mandamus and/or
permanent injunction.


3. Pursuant to a reading of Mr. Dear's claims on file with this Court, Irving and
Chief Newman argue that they have not violated Article I, Sections 8, 9, 10,
19 and 25 of the Texas Constitution.


4. Pursuant to a reading of Mr. Dear's claims on file with this Court, Irving and
Chief Newman argue that they are entitled to their attorneys' fees.


5. Pursuant to a reading of Mr. Dear's claims on file with this Court, Irving
argues that it is entitled to government immunity. Said immunity includes, but
is not limited to, the immunity from intentional torts as well as method of
providing or failure to provide police and fire protection.



The above-quoted grounds for summary judgment gave Dear fair notice of appellees' claims and
were sufficiently specific to raise the grounds of mootness, immunity, and absence of
constitutional violations. 

 Dear further challenges the sufficiency of appellees' summary-judgment proof,
arguing that appellees' motion for summary judgment failed to make specific references to the
evidence supporting their motion. Rule 166a(c) provides that "judgment sought shall be rendered
forthwith if (i) the deposition transcripts . . . and other discovery responses referenced in the
motion or response, and (ii) the pleadings, admissions, affidavits . . . on file at the time of the
hearing, or filed thereafter" show that the movant is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c) (emphasis added); Wilson v. Burford, 38 Tex. Sup. Ct. J. 680 (May 25, 1995). 
The rule contains no requirement that the evidence be referenced more specifically than being
incorporated into the motion, and Dear cites no authority for his argument that a motion for
summary judgment is defective if it fails to set out the exact testimony on which it relies. 
Therefore, we need not address this argument and, instead, overrule Dear's first point of error. (3) 

 In his second and third points of error, Dear claims that the trial court erred in
granting summary judgment for the City and for Newman in his official capacity. (4) The standards
for reviewing a motion for summary judgment are well established:



(1) The movant for summary judgment has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a
matter of law.


(2) In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the nonmovant will be taken as
true.


(3) Every reasonable inference must be indulged in favor of the nonmovant and
any doubts resolved in its favor.



Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The question on
appeal is not whether the summary-judgment proof raises a fact issue, but whether the summary-judgment proof establishes as a matter of law that no genuine issues of material fact exist as to one
or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors
Corp., 450 S.W.2d 827, 828 (Tex. 1970). In addition, instead of directly attacking one or more
elements of the plaintiff's causes of action, a defendant-movant may move for summary judgment
on the basis of an affirmative defense. To be entitled to summary judgment in that situation, the
movant must expressly present and conclusively prove each essential element of the affirmative
defense. Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). We hold that appellees have
conclusively proven the essential elements of their affirmative defenses to Dear's causes of action.

 In his pleading, Dear raised causes of action for declaratory judgment, mandamus,
and injunction, which all related to the City's alleged failure to comply with the Open Records
Act. In its motion for summary judgment, the City raised the affirmative defense of mootness to
these causes of action. The City initiated this case as a suit under the Texas Open Records Act,
challenging the Attorney General's open records decision involving the Irving Police Department's
file on Dear. The trial court ordered the records produced in a partial summary judgment granted
on August 21, 1992, and the records were thereafter produced in accordance with the trial court's
order. According to the City, because all records have been produced, Dear's claims under the
Open Records Act are moot.

 At oral argument, Dear conceded that his open records causes of action were moot,
with one exception. Dear contends that his cause of action for permanent injunctive relief is not
moot because the City may refuse to release records in the future, and the situation is thus capable
of repetition. The "capable of repetition, yet evading review" exception to the mootness doctrine
applies only if two elements are satisfied: "(1) the challenged action was in its duration too short
to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation
that the same complaining party would be subjected to the same action again." Weinstein v.
Bradford, 423 U.S. 147, 149 (1975); see also General Land Office v. Oxy U.S.A., Inc., 789
S.W.2d 569, 571 (Tex. 1990); Click v. Tyra, 867 S.W.2d 406, 408-09 (Tex. App.--Houston [14th
Dist.] 1993, orig. proceeding [leave denied]). In the instant cause, Dear made no showing that
either element has been met, and we conclude that there is no demonstrated probability that the
complained of action--the withholding from Dear of records required to be disclosed under the
Open Records Act--will be repeated. Therefore, the exception does not apply, and all of Dear's
claims under the Open Records Act are moot. Dear also raised several causes of action
alleging violations of the Texas Constitution. Appellees rely on the recent decision of the Texas
Supreme Court in City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995), in claiming the
affirmative defense of governmental immunity. In Bouillion, the supreme court held that litigants
in Texas may not sue governmental entities for damages under the Texas Constitution for
constitutional torts. Id. at 148-49. Dear acknowledges the applicability of Bouillion to the present
case with regard to his claim for damages under the Texas Constitution. However, Dear contends
that he also sought injunctive and declaratory relief under the Texas Constitution, claims to which
Bouillion does not apply. Based upon our review of Dear's pleadings, we conclude that he pled
no cause of action for injunctive or declaratory relief under the Texas Constitution. His pleadings
are quite clear: his requests for injunctive and declaratory relief apply only to his causes of action
under the Open Records Act. Accordingly, Dear's constitutional tort claims are barred by
Bouillion.

 Additionally, Dear asserted a cause of action under the Texas Tort Claims Act. 
A claim against a governmental entity can be pursued only to the extent that governmental
immunity has been waived. Wyse v. Department of Pub. Safety, 733 S.W.2d 224, 228 (Tex.
App.--Waco 1986, writ ref'd n.r.e.). The only waiver Dear alleged is found in section 101.021(2)
of the Texas Tort Claims Act, which provides for the waiver of immunity for personal injury or
death caused by the condition or use of tangible property. Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021(2) (West 1986). To prevail on a claim under section 101.021, the plaintiff must plead
and prove its cause of action within the express terms of the Tort Claims Act. Wyse, 733 S.W.2d
at 228. Dear alleged that his damages arose from the use of tangible property belonging to the
City: the computers and telephones used in the investigation as well as the records collected and
used in the investigation. We reject this argument. The supreme court has specifically held that
the Tort Claims Act does not eliminate governmental immunity for injuries resulting from the
misuse of information. University of Tex. Medical Branch v. York, 871 S.W.2d 175, 178-79
(Tex. 1994); see also Texas Dep't of Human Servs. v. Benson, 893 S.W.2d 236, 238-39 (Tex.
App.--Austin 1995, writ requested). Because Dear's cause of action under the Tort Claims Act
involves the alleged misuse of information, we hold that it is precluded by York.

 Having determined that appellees conclusively proved that Dear's causes of action
against the City and Newman in his official capacity are barred by the affirmative defenses of
mootness and governmental immunity, we overrule Dear's second and third points of error.

 Dear asserts in his fourth point of error that the trial court erred in granting
summary judgment for Newman in his individual capacity. Dear claims that he has a cause of
action for defamation against Newman in his individual capacity. (5) Newman's alleged defamatory
statements were made during a national television interview; the substance of the alleged
defamatory statements was that Dear had never solved a case. In their motion for summary
judgment, appellees raised the affirmative defense of official immunity from claims against
Newman in his individual capacity.

 A state employee may be sued in either of two capacities: in his individual capacity
or in his official capacity. When the employee is sued in his individual capacity, he is entitled to
raise the defense of official immunity. Gonzalez v. Avalos, 866 S.W.2d 346, 349 (Tex. App.--El
Paso 1993), writ dism'd w.o.j., 38 Tex. Sup. Ct. J. 335 (Mar. 2, 1995). "This immunity,
variously known as governmental, official, quasi-judicial or qualified immunity, evolved out of
a public policy that encourages public officers to carry out their duties without fear of personal
liability." Carpenter v. Barner, 797 S.W.2d 99, 101 (Tex. App.--Waco 1990, writ denied). 
Official immunity is an affirmative defense; therefore, the burden is on the defendant-movant to
establish all elements of the defense. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex.
1994). 

 "Government employees are entitled to official immunity from suit arising from the
performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within
the scope of their authority." Id. In determining whether the official was performing a
discretionary duty, our focus should be on whether the officer was performing a discretionary
function, not on whether the officer had discretion to perform an allegedly wrongful act while
discharging that function. Id. "The complex policy judgment reflected by the doctrine of official
immunity, if it is to mean anything, protects officers from suit even if they acted negligently." 
Id. at 655. If an action involves personal deliberation, decision, and judgment, it is discretionary. 
Id. at 654. Our courts have held that the investigatory function of police officers involves
discretionary duties. See Eakle v. Texas Dep't of Human Servs., 815 S.W.2d 869, 875-76 (Tex.
App.--Austin 1991, writ denied); Wyse, 733 S.W.2d at 227; see also Gonzalez, 866 S.W.2d at
249.

 Although federal law does not determine whether an officer's actions are
discretionary for purposes of state law, examination of federal immunity law is instructive. Under
federal law, the defense of qualified immunity applies only if the officer's actions involved the
exercise of discretionary duties. See Streetman v. Jordan, 918 F.2d 555, 556 (5th Cir. 1990). 
Thus, those cases in which a federal court extended immunity to a police officer necessarily
resolved that the disputed actions were discretionary. See, e.g., Scherer v. Morrow, 401 F.2d
204, 205 (7th Cir. 1968) (holding that secret service agent who called plaintiff a "nut" because
plaintiff had pointed a cannon at the President had immunity because he was within the "outer
perimeter of his line of duty"), cert. denied, 393 U.S. 1084 (1969). 

 Dear is a licensed private investigator who was hired to investigate the shooting
death of Glen Courson. The Irving Police Department began an investigation involving Dear in
connection with his investigation of the Courson death. According to Dear, the City began
collecting a "dossier" on him totally unconnected to any legitimate criminal investigation. The
City asserts that its investigation was prompted by Barbara Russo, one of Dear's former clients
who contacted Irving police regarding allegations of fraud in an investigation Dear had conducted
for her. The City claims that similarities in the Courson and Russo investigations prompted the
Irving police to begin an investigation of possible fabrication of evidence by Dear in the Courson
case. Dear concedes in his response to appellees' motion for summary judgment that Newman
made the allegedly defamatory statements during the course of this investigation. We hold that
Newman's involvement in this investigation was pursuant to his discretionary duties as a police
officer; whether Newman had discretion to make the allegedly wrongful statement while
discharging that function is not the focus of our inquiry. We conclude appellees proved the first
element of the official immunity defense as a matter of law.

 While the "good faith" prong of the official immunity test has proven to be an
elusive concept for our courts, the supreme court in City of Lancaster has recently articulated the
test for determining whether a police officer acts in good faith in an automobile pursuit case. In
City of Lancaster, the court held that the test is whether a reasonably prudent officer under the
same or similar circumstances could have believed that the need to immediately apprehend the
suspect outweighed the harm to the public of continuing the pursuit. 883 S.W.2d at 656. 
Although City of Lancaster involved a different factual context--the conduct of a police officer
during a high speed chase--the test laid down by the court was derived substantially from the
federal good-faith test: whether a reasonable official could have believed his or her conduct to be
lawful in light of clearly established law and the information possessed by the official at the time
the conduct occurred. Id. (quoting Swint v. City of Wadley, 5 F.3d 1435, 1441-42 (11th Cir.
1993)); see also Casas v. Gilliam, 869 S.W.2d 671, 673 (Tex. App.--San Antonio 1994, no writ). 


 Applying this test, we conclude that appellees' summary-judgment proof established
Newman's objective good faith as a matter of law. "[Q]ualified immunity protects `all but the
plainly incompetent or those who knowingly violate the law.'" City of Lancaster, 883 S.W.2d
at 656 (quoting Swint, 5 F.3d at 1441-42). Appellees produced the deposition testimony of
Douglas Daman, legal advisor to the Irving Police Department, and Irving police officer David
Hanks to establish that a reasonable official could have believed he had a right to pursue an
investigation involving Dear based on established law and the information possessed by Newman
at the time the investigation began, and Dear concedes that Newman made the allegedly
defamatory statement during the course of this investigation. We believe that making public
statements regarding an ongoing investigation is part of the investigatory function of a police chief
because such activity involves decision making based on the investigation. See Gonzalez, 866
S.W.2d at 249 (holding that police duties include gathering information in connection with an
investigation and making decisions based on that information). Thus, Newman reasonably could
have believed his conduct lawful in light of established law and the information he possessed at
the time. To controvert appellees' summary-judgment proof on good faith, Dear had the burden
of showing that no reasonable person in Newman's position could have thought the facts were
such that they justified Newman's actions. City of Lancaster, 883 S.W.2d at 657. Other than his
own testimony, Dear produced no evidence that the investigation and resulting statements were
not made in good faith.

 The final prong of the official immunity test requires us to determine whether
Newman acted within the scope of his authority during all relevant times. Appellees' summary-judgment proof established that Newman was, at all times, acting pursuant to his role as Chief of
Police for the City. In that role, Newman supervised the investigation that involved Dear. The
supervision of police investigations is an important function of a police chief, and Newman was
acting within the scope of his authority in doing so. See Wyse, 733 S.W.2d at 227. Because all
three elements of the test set out in City of Lancaster have been meet, we hold that summary
judgment in favor of Newman in his individual capacity was properly rendered and therefore
overrule Dear's fourth point of error.

 In his fifth point of error, Dear complains that the trial court erred in awarding
costs to Newman in his official capacity. Rule 131 of the Texas Rules of Civil Procedure
provides that a successful party is to recover from its adversary all costs incurred therein, except
when otherwise provided by law. Tex. R. Civ. P. 131. According to Dear, Newman was not
a prevailing party because Dear prevailed on his open records claims. We disagree.

 Newman was not a party in the original Open Records suit filed by the City of
Irving. In fact, he was not a party to this lawsuit until he was made a third-party defendant by
Dear. Under the definition of successful party adopted in the cases construing Rule 131, a
prevailing party is one who is vindicated by the judgments rendered. Scholl v. Home Owners
Warranty Corp., 810 S.W.2d 464, 468-69 (Tex. App.--Eastland 1991, no writ). Dear brought
Newman into the lawsuit, and the trial court's judgment vindicated Newman; Newman clearly fits
within the definition of prevailing party. Accordingly, the trial court properly awarded costs to
Newman, and Dear's fifth point of error is overruled.



CONCLUSION


 Having overruled all of Dear's points of error, we affirm the judgment of the trial
court.



 

 Jimmy Carroll, Chief Justice


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: July 12, 1995

Publish

1.   The City took a nonsuit of its claim against the Attorney General; therefore, he is no
longer a party to this suit.

2.   Dear also alleged a violation of the Open Meetings Act. Tex. Gov't Code Ann.
§§ 551.001-.146 (West 1994). However, Dear's brief does not address the Open Meetings
cause of action, and thus any error in connection therewith is waived. 
3.   If an appellant cites no authority in support of a point of error, the court should
overrule the point of error. Teague v. Bandy, 793 S.W.2d 50, 58 (Tex. App.--Austin 1990,
writ denied).
4.   A suit against a state officer in his official capacity is a suit against the state. Pickell
v. Brooks, 846 S.W.2d 421, 425 (Tex. App.--Austin 1992, writ denied). It follows that city
officials acting in their official capacity enjoy the same immunity as the City itself, and Dear
accordingly concedes that if the City is immune from liability, appellee Newman in his official
capacity enjoys the same immunity.
5.   Appellees contend that Dear failed to plead a cause of action for defamation against
Newman. We will assume without deciding that such a cause of action was pled.