hall237.wpd














IN THE
TENTH COURT OF APPEALS
 
No. 10-98-237-CV
        VICTOR L. HALL,
                                                                              Appellant
        v.

        SHEILA McDERMOND, ET AL.,
                                                                              Appellees
 
No. 10-98-236-CV
        VICTOR L. HALL,
                                                                              Appellant
        v.

        CAROLYN K. STINEFF, ET AL.
                                                                              Appellees
 

From the 12th District Court
Madison County, Texas
Trial Court Nos. 8444 & 8446
                                                                                                                
  
O P I N I O N
                                                                                                                
   
          Appellant Hall appeals the dismissal of two pro se informa pauperis actions which he 
filed. The cases were dismissed as frivolous and lacking an arguable basis in law. 
          Hall, an inmate of the Texas Department of Criminal Justice, Institutional Division, at the 
Ferguson unit in Midway, brought two actions pro se against prison officials. In 10-98-236-CV
Hall sued C. Stineff, J.E. Blanton, T. Simmons, and K. Ramsey. In 10-98-237-CV he sued Sheila
McDermond, Kent Ramsey, Gregory Dawson and Joseph Blanton. All defendants sued were
employees of the State of Texas at the time Hall’s alleged cause of action arose. 
          Hall was found guilty of two disciplinary violations. In the incident forming the basis for
10-98-236-CV, Hall was found guilty of exposing himself to Guard C. Stineff for the purpose of
sexual gratification. In the incident forming the basis for 10-98-237-CV, Hall was found guilty
of sexual misconduct and threatening to inflict harm on an officer. He filed two separate but
identical suits based on the disciplinary proceedings. He filed identical briefs in the suits on
appeal. Therefore, the two causes will be discussed together. 
           Hall’s suits were filed under 42 U.S.C. Section 1983. Specifically, he claims his rights
were violated when the disciplinary hearing officer found him guilty without the support of a
preponderance of the evidence. He seeks injunctive relief and monetary damages.
          In 10-98-236-CV, the district court granted the department’s plea to the jurisdiction and
motion to dismiss on April 22, 1998. In 10-98-237-CV, the district court granted the plea to the
jurisdiction and motion to dismiss on May 15, 1998. Both cases were dismissed as lacking an
arguable basis in law. Hall raises two points of error in each case. His first point of error states
the district court should not have dismissed the case as frivolous and lacking an arguable basis in
law. His second point of error states the district court should not have dismissed the case under
Tex. Civ. Prac. & Rem. Code, Chapter 14. This court affirms the dismissal of both causes.ANALYSIS
          A trial court may dismiss a claim filed by an inmate if the court finds the allegation of
poverty is false or the action is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. Sect.
14.003(a). Review of a dismissal under Chapter 14 is controlled by the abuse of discretion
standard. A court abuses its discretion if it acts without reference to guiding rules or principles. 
 Craddock v. Sunshine Bus Lines, 133 S. W. 2d 136 (Tex. 1939). 
          The trial court may dismiss an in forma pauperis suit when “the claim has no arguable
basis in law or in fact”. Tex. Civ. Prac. & Rem. Code Ann. Sect. 14.003 (b) (Vernon’s Supp.
1998). A claim brought on an indisputably meritless legal theory has no arguable basis in law. 
 Birdo v. Ament, 814 S. W. 2d 808, 810 (Tex. App. Waco 1991, writ denied). “An example of
an indisputably meritless legal theory occurs where the petition asserts claims against which the
defendants are immune from suit.” Id, (quoting Nietzke v. Williams, 490 U.S. 319, 327 (1989)).
           A government official sued in his individual capacity is entitled to immunity from liability
under the doctrine of “official immunity” if the official status or action can be classified as quasi-judicial. Wyse v. Department of Public Safety, 733 S. W. 2d 224, 227 (Tex. App.--Waco, 1986,
writ ref’d). A discretionary act may not form the basis for personal liability when the
discretionary act is performed within the official scope of the employment and in good faith. 
Austin v. Hale, 711 S. W. 2d 64 (Tex. App.--Waco 1986, no writ). Discretionary actions are
those which require personal deliberation, decision, and judgment. Wyse at 227. When a state
employee gathers facts and then acts, the actions are quasi-judicial. Austin at 66. 
          Decisions regarding disciplinary actions against inmates require the exercise of judgment
and discretion. In writing up Hall on the disciplinary case, the officers had to use discretion to
decide whether Hall violated a rule and whether to charge Hall with a violation. The hearing
officers’ actions on the disciplinary cases of which Hall complains were quasi-judicial. 
          Hall states the defendants acted in bad faith. However, the mere assertion, absent any
factual basis, that an official acted in bad faith is insufficient. Russell v. Department of Human
Resources, 746 S. W. 2d 510, 514 (Tex. App. Texarkana, 1988, writ denied). Hall made no
showing of bad faith, and all actions complained of are discretionary. All officials are shielded
from liability by official immunity.
          (citing Daniels v. Williams, 474 U.S.
327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986). Furthermore, due process guarantees do not go so
far as to provide for an inmate’s satisfaction with the results of a prison disciplinary and grievance
proceeding. Stewart v. Thigpen, 730 F.2d 1002, 1005 (5th Cir. 1984).
          . To recover damages for an allegedly unconstitutional conviction
or imprisonment, or for other harm caused by actions whose unlawfulness would render a
conviction or sentence invalid, a Section 1983 plaintiff must prove the conviction or sentence has
been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by a federal court’s issuance of a
writ of habeas corpus. Id. Hall did not allege the disciplinary case against him had been reversed,
expunged, or called into question. Therefore, his claims were properly dismissed as frivolous. 
Johnson v. Lynaugh, 800 S. W. 2d 936, 939 (Tex. App. Houston [14th Dist.] 1990, reh’g denied).
          
 
                                                                       ROBERT M. CAMPBELL
                                                                       Justice (Sitting by Assignment)
Before Chief Justice Davis,
          Justice Vance and
          Justice Campbell (Sitting by Assignment)
Affirmed
Opinion delivered and filed January 27, 1999
Do not publish