IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00329-CV

No. 10-08-00354-CV

 

margaret meece, patrick meece,

and margaret hiebeler, 

                                                                                    Appellants

 v.

 

occ construction corporation

                                                                                    Appellee

 

 



From the 361st District
Court

Brazos County, Texas

Trial Court No. 03-001642-CV-361

Consolidated with No.
03-001643-CV-361

 



ORDER



 

The original appellants in cause number
10-08-00329-CV are Margaret Meece, Patrick Meece, and Margaret Hiebeler.  The Meeces filed a Suggestion of
Bankruptcy advising this Court that they had filed a voluntary bankruptcy
petition on September 3, 2008.  Accordingly, cause number 10-08-00329-CV was suspended because of the automatic bankruptcy stay.  See
Tex. R. App. P. 8.2; 11 U.S.C.A.
§ 362(a).

Because the stay was effective only as
to the Meeces, the remaining appellant, Margaret Hiebeler, could not benefit
from the Meeces’ bankruptcy stay.  Accordingly, we severed the appeals of the Meeces
from the remainder of the appeal of Hiebeler in an October 15, 2008 Severance
and Reinstatement Order, and the Clerk docketed the Meeces’ appeal under cause
number 10-08-00354-CV, styled Margaret Meece and Patrick Meece v. OCC
Construction Corporation.  In a memorandum opinion, for administrative
purposes, we suspended cause number 10-08-00354-CV and closed it subject to
reinstatement on proper motion.

Our October 15, 2008 order also reinstated
cause number 10-08-00329-CV, and the Clerk of this Court re-styled it as Margaret
Hiebeler v. OCC Construction Corporation.

            The Meeces then filed a
motion to reconsider our severance order, asserting that Hiebeler’s house was
constructed on a portion of the Meeces’ homestead, which is part of their
bankruptcy estate and that the Meeces’ claims against OCC, which are also part
of their bankruptcy estate, include the real property that Hiebeler’s house is
on.  OCC responded to the Meeces’ motion, arguing that our severance was
proper.

            Because the trial court’s
judgment and the documents attached to the Meeces’ motion to reconsider were
unclear, we requested the Appellants to provide us with the two mechanic’s lien
contracts on which the judgment provides for foreclosure.  Both sides provided
responsive documents, and Appellants further notified us that the court in the
Meeces’ bankruptcy has lifted the automatic stay to allow the Meeces and
Hiebeler to pursue their appeals and OCC to defend those appeals, except that
the automatic stay remains in effect with respect to any action against the
property.

            Accordingly, we grant in
part the motion to reconsider and (1) withdraw our October 15, 2008 Severance
and Reinstatement Order; and (2) reinstate cause number 10-08-00329-CV as it
was originally filed with Margaret
Meece, Patrick Meece, and Margaret Hiebeler as Appellants.  The Clerk of this Court shall re-style 10-08-00329-CV
as Margaret Meece, Patrick
Meece, and Margaret
Hiebeler v. OCC Construction Corporation.

            Cause number 10-08-00354-CV
is administratively closed.

 

PER CURIAM

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Motion to
reconsider granted in part

Order issued
and filed January 21, 2009

Do not publish








 






 dismissal of both causes.ANALYSIS
          A trial court may dismiss a claim filed by an inmate if the court finds the allegation of
poverty is false or the action is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. Sect.
14.003(a). Review of a dismissal under Chapter 14 is controlled by the abuse of discretion
standard. A court abuses its discretion if it acts without reference to guiding rules or principles. 
 Craddock v. Sunshine Bus Lines, 133 S. W. 2d 136 (Tex. 1939). 
          The trial court may dismiss an in forma pauperis suit when “the claim has no arguable
basis in law or in fact”. Tex. Civ. Prac. & Rem. Code Ann. Sect. 14.003 (b) (Vernon’s Supp.
1998). A claim brought on an indisputably meritless legal theory has no arguable basis in law. 
 Birdo v. Ament, 814 S. W. 2d 808, 810 (Tex. App. Waco 1991, writ denied). “An example of
an indisputably meritless legal theory occurs where the petition asserts claims against which the
defendants are immune from suit.” Id, (quoting Nietzke v. Williams, 490 U.S. 319, 327 (1989)).
           A government official sued in his individual capacity is entitled to immunity from liability
under the doctrine of “official immunity” if the official status or action can be classified as quasi-judicial. Wyse v. Department of Public Safety, 733 S. W. 2d 224, 227 (Tex. App.--Waco, 1986,
writ ref’d). A discretionary act may not form the basis for personal liability when the
discretionary act is performed within the official scope of the employment and in good faith. 
Austin v. Hale, 711 S. W. 2d 64 (Tex. App.--Waco 1986, no writ). Discretionary actions are
those which require personal deliberation, decision, and judgment. Wyse at 227. When a state
employee gathers facts and then acts, the actions are quasi-judicial. Austin at 66. 
          Decisions regarding disciplinary actions against inmates require the exercise of judgment
and discretion. In writing up Hall on the disciplinary case, the officers had to use discretion to
decide whether Hall violated a rule and whether to charge Hall with a violation. The hearing
officers’ actions on the disciplinary cases of which Hall complains were quasi-judicial. 
          Hall states the defendants acted in bad faith. However, the mere assertion, absent any
factual basis, that an official acted in bad faith is insufficient. Russell v. Department of Human
Resources, 746 S. W. 2d 510, 514 (Tex. App. Texarkana, 1988, writ denied). Hall made no
showing of bad faith, and all actions complained of are discretionary. All officials are shielded
from liability by official immunity.
          (citing Daniels v. Williams, 474 U.S.
327, 106 S.Ct. 662, 88 L. Ed. 2d 662 (1986). Furthermore, due process guarantees do not go so
far as to provide for an inmate’s satisfaction with the results of a prison disciplinary and grievance
proceeding. Stewart v. Thigpen, 730 F.2d 1002, 1005 (5th Cir. 1984).
          . To recover damages for an allegedly unconstitutional conviction
or imprisonment, or for other harm caused by actions whose unlawfulness would render a
conviction or sentence invalid, a Section 1983 plaintiff must prove the conviction or sentence has
been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by a federal court’s issuance of a
writ of habeas corpus. Id. Hall did not allege the disciplinary case against him had been reversed,
expunged, or called into question. Therefore, his claims were properly dismissed as frivolous. 
Johnson v. Lynaugh, 800 S. W. 2d 936, 939 (Tex. App. Houston [14th Dist.] 1990, reh’g denied).
          
 
                                                                       ROBERT M. CAMPBELL
                                                                       Justice (Sitting by Assignment)
Before Chief Justice Davis,
          Justice Vance and
          Justice Campbell (Sitting by Assignment)
Affirmed
Opinion delivered and filed January 27, 1999
Do not publish