**Bruce EDGAR, Appellant,**

v.

**Matthew W. PLUMMER, Sr., Appellee.**

**No. 6–92–046–CV.**

Court of Appeals of Texas, Texarkana.

Jan. 12, 1993.

Karen D. Matlock, Asst. Atty. Gen., Enforcement Div., Austin, for appellant.

Matthew W. Plummer, Sr., pro se.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Bruce Edgar brings this interlocutory appeal complaining of the trial court's denial of his motion for summary judgment in Matthew Plummer's suit against him for false arrest. We agree with Edgar that he was entitled to summary judgment on grounds of immunity.

On March 6, 1989, Plummer was driving on U.S. Highway 59 near Garrison. Department of Public Safety troopers Edgar and Green were in the area and saw Plummer's car cross the right shoulder line. Their radar indicator showed that Plummer was driving sixty miles per hour in a fifty-five mile per hour zone. Edgar stopped Plummer for speeding and for failing to drive within a single lane.[1] He told Plummer that he had seen him drive across the shoulder line of the highway. Edgar did not give Plummer a ticket, but only a written warning for failing to drive in a single lane. Plummer denies that he was speeding, but concedes in his brief that his car may have touched the right shoulder line.

Plummer filed a complaint against Edgar with the Department of Public Safety. The department conducted an investigation and found no wrongdoing. Plummer then filed suit against Edgar for false arrest and against H.W. Stratemann, another DPS employee, for negligent investigation of the complaint against Edgar. Both defendants moved for summary judgment. The trial court granted Stratemann's motion, but denied Edgar's motion. Edgar brings this interlocutory appeal, authorized by Tex.Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.1993), to challenge the trial court's denial of summary judgment.[2]

■ Edgar argues that he was entitled to summary judgment because of qualified immunity. He properly asserted this affirmative defense in his motion for summary judgment. *See Travis v. City of Mesquite*, 830 S.W.2d 94, 103 (Tex.1992). Plummer failed to controvert the summary judgment evidence supporting the affirmative defense. A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for a summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492 (Tex.1991).

■ Government officers are immune from personal liability while performing discretionary duties, if they are acting within the scope of their authority and in good faith. *Campbell v. Jones*, 153 Tex. 101, 264 S.W.2d 425 (1954); *Carpenter v. Barner*, 797 S.W.2d 99, 101 (Tex.App.–Waco 1990, writ denied); *Russell v. Texas Department of Human Resources*, 746 S.W.2d 510 (Tex.App.–Texarkana 1988, writ denied). Edgar contends that he was performing a discretionary duty in the course of his employment and acting in good faith when he detained Plummer.

■ It is undisputed that Edgar was acting within the scope of his authority. An officer acts within the scope of his authority when he performs his official duties—in this case, the enforcement of the traffic laws. The fact that the officer's specific act that forms the basis of the suit may have been wrong or negligent does not mean he was acting outside the scope of his authority. *Baker Hotel of Dallas v. Rogers*, 157 S.W.2d 940 (Tex.Civ.App.–Dal-

---

1. Edgar contends that Plummer's crossing the shoulder line violated Tex.Rev.Civ.Stat.Ann. art. 6701d, § 60 (Vernon 1977):

   Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic the following rules ... shall apply:
   (a) The driver of a vehicle shall drive as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

2. Tex.Civ.Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.1992) provides in part:

   A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
   . . . .
   (5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.

las 1941), *writ ref'd w.o.m. per curiam,* 138 Tex. 398, 160 S.W.2d 522 (1942); Restatement (Second) of Agency §§ 229, 230, 231, and comments (1958); *see also Brungardt v. Barton,* 69 Or.App. 440, 685 P.2d 1021 (1984).

 It is also clear that Edgar was exercising discretion when he detained Plummer and issued a warning. An act is discretionary when it calls for personal deliberation, decision and judgment. *Wyse v. Department of Public Safety,* 733 S.W.2d 224, 227 (Tex.App.–Waco 1986, writ ref'd n.r.e.). The enforcement of traffic regulations by peace officers involves the exercise of their discretion. *Carpenter v. Barner, supra.*

 Finally, there is the question of good faith. First, we note that Plummer has never alleged, either in his petition or in his response to the motion for summary judgment, that Edgar acted in bad faith. Edgar's motion for summary judgment is supported by affidavits showing that he acted with probable cause, and therefore good faith, when he stopped Plummer. Plummer's contention appears to be that driving across the shoulder line does not come within Tex.Rev.Civ.Stat.Ann. art. 6701d, § 60 (Vernon 1977), and therefore is not a traffic violation. Even if that is true, as long as Edgar reasonably believed that a violation was in progress, the stop and brief detention would not have been illegal, even if he had been mistaken. Proof of the actual commission of the offense is not required for a showing of probable cause. *Drago v. State,* 553 S.W.2d 375 (Tex.Crim. App.1977); *see also Bodzin v. City of Dallas,* 768 F.2d 722, 725 (5th Cir.1985); *Saldana v. Garza,* 684 F.2d 1159 (5th Cir. 1982), *cert. denied,* 460 U.S. 1012, 103 S.Ct. 1253, 75 L.Ed.2d 481 (1983). The undisputed summary judgment evidence shows that Edgar believed Plummer was exceeding the speed limit and illegally crossing the shoulder stripe. Thus, his act in stopping

Plummer to investigate the possible violations was in good faith.[3]

Edgar properly raised his official immunity as an affirmative defense, and Plummer failed to controvert the facts on which the defense rests. The undisputed summary judgment evidence shows that Edgar was exercising discretion within the scope of his authority and in good faith when he stopped Plummer for the alleged traffic violations. Therefore, the trial court erred in failing to grant Edgar's motion for summary judgment. Because we decide this case on the issue of official immunity, we do not reach Edgar's remaining point of error.

For the reasons stated, we reverse the trial court's order denying Edgar's motion for summary judgment and here render judgment that Plummer take nothing.

---

**3.** Attached to Edgar's motion for summary judgment was the affidavit of Lt. Albert Rodriguez, an instructor with the Department of Public Safety. Rodriguez stated in his affidavit that DPS troopers are authorized to stop vehicles that drive over the shoulder line not only because it violates state law but also because it might indicate that the driver is intoxicated or has lost control.